**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

NADINE TOWNSEND,

                Plaintiff,

    v.                                          No. 13-CV-1599
                                                      (GTS/CFH)

GHI, et al.,

                Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

NADINE TOWNSEND
Plaintiff, Pro Se
911 Central Avenue
Apartment #329
Albany, New York 12206

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff Nadine Townsend ("Townsend"). Compl. (Dkt. No. 1). Townsend has also filed a motion to proceed in forma pauperis (IFP) (Dkt. No. 2) and requested appointment of counsel (Dkt. No. 3).

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court has reviewed Townsend's IFP application. Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed IFP.

## B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The complaint is, at best, disjointed

and confusing. Townsend contends that GHI and defendant dentist Alabbadi were negligent in their treatment of her dental needs, promising her care which was never provided, revoking a previous oral agreement to allow her to pay for services via an unspecified payment plan or line of credit, and ultimately sending her to other facilities where it appears the only recourse was extraction of her teeth. See e.g. Compl. Townsend also claims that she was "depriv[ed] . . . equal protection of the laws," and that the wrongful actions were "motivated by claimants handicap/disability." Id. at 4. Further, Townsend alleges that "[d]efendants conspired with dss medicaid suppliers . . . to damage [her] . . . .," as well as conspiring with other health care centers identified in other actions which Townsend has filed. Id. at 7-8. Townsend concludes that "[d]efendants actions constituted unprofessional conduct as government statues and provisions for dental care providers and establishments," and that "[d]efendants violated [Townsend's] constitutional rights . . . ." Id. at 7, 9.

While Townsend has organized her complaint into sentences and short paragraphs, it is still difficult to decipher the true nature of her allegations as Townsend fails to allege when any of these events occurred or which actions from which defendants resulted in the alleged constitutional violations. With regard to her dental claims, it is extraordinarily difficult to determine what medical ailments Townsend suffered from, when she sought treatment, and which defendants were responsible for her care and any alleged constitutional violations. Further, Townsend fails to allege how, when, or who conspired against her to preclude her from receiving care. Also, Townsend states in a conclusory nature that she was discriminated against for her handicap/disability, but fails to indicate what her diagnosis was or how it was a motivating factor in her alleged lack of care. After reviewing the complaint,

the Court is confused as to what Townsend's claims are, the wrongs inflicted upon her, her damages, and why she is seeking Court intervention.

Furthermore, it appears that Townsend has stated some claims for which amendment would be futile.

> The F[ederal] T[ort] C[laims] A[ct ("FTCA")] waives the United States' sovereign immunity for certain classes of tort claims and provides federal district courts shall have exclusive jurisdiction over damages claims against the United States for injury or loss of property, or for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . . FTCA coverage [is extended] to federally-funded health centers, and certain affiliated individuals . . . In order to bring an FTCA action against the United States for medial malpractice committed by a health center or one of its physicians, the health center must have been deemed to be a federal employee at the time of the alleged wrongful conduct.

Bogues v. United States, 703 F. Supp. 2d. 318, 324 (S.D.N.Y. 2010) (internal quotation marks and citations omitted). While Townsend alleges that GHI and defendant Alabbadi were negligent in their care of her dental needs, she has failed to proffer any facts that either GHI or Alabbadi were in fact federally funded so that they were deemed a federal employee at the time of the conduct.

Moreover, "[t]he FTCA provides no basis for this action since it authorizes suits only against the United States itself, not its individual agencies." Sprecher v. Graber, 716 F.2d 968, 973 (2d Cir. 1983) (citations omitted). To the extent that a claim under the FTCA could be brought, Townsend has failed to name the correct defendant in the present action.

Further, pursuant to 28 U.S.C. § 2675(a), a plaintiff cannot maintain an action against the United States pursuant to the FTCA "unless the [plaintiff] shall have first presented the claim to the appropriate Federal agency and his [or her] claim shall have been finally denied

by the agency in writing . . . ." Id. Townsend has failed to allege that she has filed any administrative claims under the FTCA.

In sum, Townsend's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Townsend's pro se status, this Court recommends that prior to dismissing this action, Townsend be directed to amend her complaint to provide clearer details regarding her claims. Specifically, Townsend is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Townsend will have to allege specific facts sufficient to plausibly state that the named defendants deprived her of constitutional or statutorily protected rights.

### C. Motion for Appointment of Counsel

Townsend has also filed a motion for appointment of counsel. Dkt. No. 3. In light of the present recommendation, this motion is denied without prejudice as moot at this time. However, upon the refiling of an amended complaint which is accepted by the Court, Townsend is free to renew her request for appointment of counsel.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**; and it is further

**ORDERED** that plaintiff's request for appointment of counsel (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE** and with a right to renew upon the filing of a successful amended complaint; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Townsend's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of her pro se status, prior to dismissing Townsend's complaint in its entirety, she be provided an opportunity to amend her complaint to expand upon the facts that would support her claim for entitlement to relief; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: January 24, 2014
       Albany, New York

/s/ Christian F. Hummel
Christian F. Hummel
U.S. Magistrate Judge